Welch, C. J.
We think the courts below were right in-holding this property liable to the tax. The statute gov *609 erning the case (S. & C. 1438, sec. 1, and 1439, sec. 2) makes all tangible personal property in the State subject to .taxation, irrespective of the residence or non-residence of the owner in the State. It is true that in order to constitute it “ property in the State,” within the meaning of the-law, it must have a situs in the State. If it is at the time-the tax attaches in transitu, either through the State, or from a point in the State to a point outside the State, it is-not to be regarded as property in the State, within the meaning of the statute, but as property belonging to the-place of its destination. But such was not the situation of this property at the time it was returned for taxation.. There is nothing in the plaintiff's petition to show that the-timber had in any sense started on its journey, or had been removed from the place or places where it had been purchased. We are bound to presume that the property had a situs, and was liable to be taxed in the hands of the parties from whom the plaintiff purchased. To say that the simple-purchase of the property, with an intention to remove it, would relieve it from liability to taxation, would be to make-its liability depend upon the mere intention of the owner, and subject to change as often as the owner changed his-intention. There would be no safety or certainty in such a rule. The safer and better rule is the one indicated, to consider property actually in transit as belonging to the place of its destination, and property not in transit as property in the place of its situs, without regard to the intention; of the owner, or his residence in or out of the State.
Judgment affirmed.
White, Day, McIlvaine and West, JJ., concurred.